**Otoniel TORRES–LANDIN, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

**No. 02–70472.
INS No. A77–585–669.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2003.*

Decided March 12, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before LAY,** HAWKINS, and TALLMAN, Circuit Judges.

### MEMORANDUM***

Otoniel Torres–Landin ("Torres–Landin") seeks relief claiming that: (1) the Nicaraguan and Central American Relief Act of 1997 ("NACARA") violates the Equal Protection Clause of the Fifth Amendment because it impermissibly favors aliens from Nicaragua and Cuba; and (2) NACARA is overbroad because it was intended to benefit aliens who have taken risks in escaping from oppressive governments, yet grants relief to all Nicaraguan or Cuban immigrants regardless of their opposition to the interests of the United States.

"'Line-drawing' decisions made by Congress ... in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose," *Ram v. INS*, 243 F.3d 510, 517 (9th Cir.2001), and "[c]hallengers have the burden to negate 'every conceivable basis which might support [a legislative classification] ... whether or not the basis has a foundation in the record.'" *Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1164 (9th Cir.2002) (quoting *Heller v. Doe*, 509 U.S. 312, 320–21, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)). Torres–Landin has not met this burden. A rational basis exists for distinguishing among groups of aliens based on conditions in their home country. Further, we have specifically upheld NACARA's decision "to favor aliens from specific war-torn countries" as a "rational diplomatic decision to encourage such aliens to remain in the United States." *Ram*, 243 F.3d at 517. *See also*

*Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 603 (9th Cir.2002). Torres–Landin's argument is, therefore, foreclosed by our precedents.

**PETITION DENIED.** The stay of deportation previously entered shall be VACATED upon issuance of the mandate.

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

